IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HUSTEEL CO., LTD., | ) |
| Plaintiff, | ) |
| and | ) |
| NEXTEEL CO., LTD. *ET AL.*, | ) |
| Consolidated Plaintiffs, | ) |
| v. | ) Consol. Court No. 19-00112 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| MAVERICK TUBE CORPORATION *ET AL.*, | ) |
| Defendant-Intervenors and Consolidated Defendant-Intervenors. | ) |

**<u>ORDER</u>**

Upon consideration of the Department of Commerce's redetermination following remand, the comments on the redetermination filed by defendant-intervenor, responses thereto, the administrative record, and all other pertinent papers, it is hereby

ORDERED that the Department of Commerce's redetermination is sustained; and it is further

ORDERED that judgment is entered in favor of the United States.

_____
CLAIRE R. KELLY, JUDGE

Dated: _____

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HUSTEEL CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> NEXTEEL CO., LTD. ET AL., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> MAVERICK TUBE CORPORATION ET AL., <br><br> Defendant-Intervenors and <br> Consolidated Defendant-Intervenors. | Consol. Court No. 19-00112 |

**DEFENDANT'S RESPONSE TO**
**COMMENTS ON SECOND REMAND REDETERMINATION**

BRYAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

L. MISHA PREHEIM
Assistant Director

OF COUNSEL:
REZA KARAMLOO
Senior Counsel

ROBERT R. KIEPURA
Trial Attorney
U.S. Department of Justice

Office of the Chief Counsel  
for Trade Enforcement and Compliance  
U.S. Department of Commerce  
Washington, D.C.

Civil Division  
Commercial Litigation Branch  
P.O. Box 480, Ben Franklin Station  
Washington, D.C. 20044  
Tel: (202) 305-4436  
Fax: (202) 353-0461  
Email: Robert.Kiepura@usdoj.gov

November 3, 2021

*Attorneys for Defendant United States*

# **TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................2

ARGUMENT ......................................................................................................................3

    I.    Standard Of Review ................................................................................................3

    II.   Commerce's Decision To Reverse Its Adjustment Of NEXTEEL's Reported Costs Is Supported By Substantial Evidence And Is In Accordance With Law .........................4

CONCLUSION ...................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                                                                              Page(s)

*Bristol Metals L. P. v. United States,*
   703 F. Supp. 2d 1370 (Ct. Int'l Trade 2010) ................................................................. 3

*Dillinger France S.A. v. United States,*
   981 F.3d 1318 (Fed. Cir. 2020) ............................................................................ 3, 4, 5, 6

*Husteel Co. Ltd. v. United States,*
   471 F. Supp. 3d 1349 (Ct. Int'l Trade 2020) ................................................................. 2

*Husteel Co. Ltd. v. United States,*
   520 F. Supp. 3d 1296 (Ct. Int'l Trade 2021) ..........................................................*passim*

*Jinan Yipin Corp. Ltd. v. United States,*
   637 F. Supp. 2d 1183 (Ct. Int'l Trade 2009) ................................................................. 3

**Regulations**

*Welded Line Pipe From the Republic of Korea,*
   84 Fed. Reg. 27,762 (Dep't of Commerce June 14, 2019) ............................................ 2

*Welded Line Pipe From the Republic of Korea,*
   84 Fed. Reg. 35,371 (Dep't of Commerce July 23, 2019) ............................................ 2

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HUSTEEL CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> NEXTEEL CO., LTD. *ET AL.*, <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> MAVERICK TUBE CORPORATION *ET AL.*, <br><br> Defendant-Intervenors and <br> Consolidated Defendant-Intervenors. | Consol. Court No. 19-00112 |

**DEFENDANT'S RESPONSE TO**
**COMMENTS ON SECOND REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments of defendant-intervenors Maverick Tube Corporation and IPSCO Tubulars Inc. (collectively, Maverick), ECF No. 116 (Maverick Br.), concerning the Department of Commerce's (Commerce's) second redetermination filed in accordance with this Court's decision and remand order in *Husteel Co. Ltd. v. United States*, 520 F. Supp. 3d 1296 (Ct. Int'l Trade 2021) (*Remand Order*). *Final Results of Redetermination Pursuant to Court Remand* (Dep't of Commerce Sept. 2, 2021), ECF No. 113 (*Second Redetermination*).

For the reasons we explain below, the Court should sustain Commerce's *Remand Redetermination*.

## BACKGROUND

The administrative determination under review is *Welded Line Pipe From the Republic of Korea*, 84 Fed. Reg. 27,762 (Dep't of Commerce June 14, 2019) (final admin. review) (P.R. 330),[1] and accompanying Issues and Decision Memorandum (IDM) (P.R. 323), *as amended by Welded Line Pipe From the Republic of Korea*, 84 Fed. Reg. 35,371 (Dep't of Commerce July 23, 2019) (amended final admin. review) (P.D. 344) (collectively, *Final Results*) covering the period of review from December 1, 2016 through November 30, 2017. Relevant here, in the *Final Results*, Commerce adjusted respondent NEXTEEL Co., Ltd.'s (NEXTEEL's) reported costs to value the downgraded non-prime products at their sales price, while allocating the difference between the reported full production cost and market value of the non-prime products to the production costs of prime-quality welded line pipe (WLP).

NEXTEEL challenged Commerce's *Final Results* before this Court, arguing, among other things, that Commerce's decision to adjust the company's constructed value to account for sales of non-prime products was unlawful and unsupported by record evidence. On August 26, 2020, the Court remanded the *Final Results* for Commerce to "explain why its practice is reasonable and how its determination… accords with {that} practice." *Husteel Co. Ltd. v. United States*, 471 F. Supp. 3d 1349, 1367 (Ct. Int'l Trade 2020). On remand, Commerce provided further explanation regarding its adjustment to NEXTEEL's constructed value. *Final Results of Redetermination Pursuant to Court Remand* (Dep't of Commerce Jan. 7, 2021), ECF

---

[1] "P.R." and "Remand P.R." refer to the public records of the original review and remand proceeding, respectively.

2

No. 84. On June 7, 2021, the Court again remanded to Commerce for further explanation or reconsideration of its adjustment consistent with the United States Court of Appeals for the Federal Circuit's decision in *Dillinger France S.A. v. United States*, 981 F.3d 1318 (Fed. Cir. 2020) (*Dillinger*). *Remand Order*, 520 F. Supp. 3d at 1308-1310. Specifically, the Court held that "Commerce's explanation of its practice is inadequate," and that "*Dillinger* calls into question whether or not Commerce's treatment of NEXTEEL's non-prime WLP products complies with the statute." *Id.* at 1309.

Commerce filed its *Second Redetermination* with the Court on September 2, 2021. On remand, Commerce reversed its finding with respect to reallocation of NEXTEEL's non-prime WLP products, relying instead on the actual costs of prime and non-prime products as reported by NEXTEEL. *Second Redetermination* at 3-5. As a result, Commerce recalculated the weighted-average dumping margins for NEXTEEL and non-examined companies, which have changed from 11.67 percent to 11.41 percent and 9.21 percent to 9.09 percent, respectively.

**ARGUMENT**

As set forth below, Commerce's *Second Redetermination* fully complies with the Court's order, is supported by substantial evidence, and is in accordance with law.

I.   **Standard Of Review**

This Court sustains Commerce's determinations unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." *Bristol Metals L. P. v. United States,* 703 F. Supp. 2d 1370, 1373 (Ct. Int'l Trade 2010) (quoting 19 U.S.C. § 1516a(b)(1)(B)(i)). "The court will sustain {Commerce's} determination upon remand if it complies with the court's remand order, is supported by substantial evidence on the record, and is otherwise in accordance with law." *Jinan Yipin Corp. Ltd. v. United States*, 637 F. Supp. 2d

3

1183, 1185 (Ct. Int'l Trade 2009) (citations omitted).

**II.    Commerce's Decision To Reverse Its Adjustment Of NEXTEEL's Reported Costs Is Supported By Substantial Evidence And Is In Accordance With Law**

Commerce's decision to reverse the adjustment of NEXTEEL's reported costs of production of non-prime pipe is consistent with the Court's order and with the Federal Circuit's holding in *Dillinger*. As this Court explained, *Dillinger* "holds that Commerce must calculate constructed value based on the actual costs incurred in the production of prime and non-prime products." *Remand Order*, 520 F. Supp. 3d at 1309 (citing *Dillinger*, 981 F. 3d at 1321-24 & n.1). The Court elaborated that "the legislative history to § 1677b(f) demonstrates Congress' clear intent that costs used to construct the value of subject merchandise 'accurately reflect the resources actually used in the production of the merchandise in question{.}'" *Id*. (quoting S. REP. NO. 103-412, at 75 (1994), and *Dillinger*, 981 F. 3d at 1321 n.1). Accordingly, the Court concluded that "{s}ince Commerce's methodology involves using likely sales value for non-prime products instead of actual costs as reported by NEXTEEL, *Dillinger* calls into question whether or not Commerce's treatment of NEXTEEL's non-prime WLP products complies with the statute." *Id*.

On remand, Commerce reversed the adjustment to NEXTEEL's reported costs, which it made in the *Final Results*, and relied on the actual costs of prime and non-prime products as reported by NEXTEEL. *Second Redetermination* at 3. As Commerce explained, because "NEXTEEL does not separately classify prime and non-prime products, nor does it value these products differently for inventory purposes, but rather assigns them full cost," the company's "reported costs reflect the actual costs of producing its non-prime products." *Id*. at 5. Commerce's decision is consistent with NEXTEEL's reporting in its normal books and records,

4

the statute, the Court's order, and the Federal Circuit's holding in *Dillinger*, in which the Court stated that Commerce is required to determine the actual costs of prime and non-prime products.

Maverick objects to Commerce's reversal of the adjustment as inconsistent with both *Dillinger* and this Court's order. Maverick Br. at 8. Maverick also claims that the *Remand Order* did not require reversal, but further explanation or reconsideration in light of *Dillinger*. *Id*. Contrary to Maverick's arguments, this Court held that Commerce's adjustments to NEXTEEL's reported costs for prime and non-prime products were inconsistent with *Dillinger*, "{s}ince Commerce's methodology involves using likely sales value for non-prime products instead of actual costs as reported by NEXTEEL." *Remand Order*, 520 F. Supp. 3d at 1309. By eliminating these adjustments to reported costs, Commerce complied with this Court's order, which relied on *Dillinger*.

Maverick also argues that the key distinction between this case and *Dillinger* is that, in *Dillinger*, Commerce relied on the respondent's normal books and records, which the Federal Circuit determined did not accurately reflect production costs, whereas here Commerce originally adjusted the reported costs from NEXTEEL's books and records – that is, deviated from those books and records. Maverick Br. at 9. However, the allocation in the respondent's normal books and records in *Dillinger*, which the Federal Circuit rejected, was substantially similar to Commerce's original adjustment in this case, which Commerce reversed on remand. If Commerce were to agree with Maverick in this case, which it does not, Commerce would have had an additional burden to justify a departure from NEXTEEL's normal books and records.

Further, Maverick contends that section 1677b(f)(1)(A) does not require Commerce to use NEXTEEL's normal books and records in all circumstances, but only provides that Commerce will *normally* do so. Maverick Br. at 10 (citing Letter from White & Case LLP to Sec'y

5

Commerce, re: *Welded Line Pipe from the Republic of Korea: Final Results of Antidumping Duty Administrative Review, 2016-2017, Remand: Comments on Draft Results of Redetermination Pursuant to Court Remand* (Aug. 19, 2021) (Remand P.R. 6)). This may be true, but here Commerce simply reversed an adjustment to the reported cost after this Court found that the adjustment, which Maverick favors, did not reflect actual costs. *Remand Order*, 520 F. Supp. 3d at 1309 ("Since Commerce's methodology involves using likely sales value for non-prime products instead of actual costs as reported by NEXTEEL, *Dillinger* calls into question whether or not Commerce's treatment of NEXTEEL's non-prime WLP products complies with the statute.").

Finally, Maverick advances several arguments in favor of Commerce's approach in the *Final Results* including an assertion that the agency is entitled to deference. Maverick Br. 5-8. These arguments, however, were previously rejected by this Court and provide no basis for reversal. Indeed, *Dillinger*, as interpreted by this Court in the *Remand Order*, precludes Commerce from making the adjustment to NEXTEEL's reported costs that Maverick seeks.

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's *Second Redetermination*.

    Respectfully Submitted,

    BRYAN M. BOYNTON
    Acting Assistant Attorney General

    JEANNE E. DAVIDSON
    Director

    /s/ L. Misha Preheim
    L. MISHA PREHEIM
    Assistant Director

| | |
|---|---|
| | /s/ Robert R. Kiepura |
| OF COUNSEL: | ROBERT R. KIEPURA |
| REZA KARAMLOO | Trial Attorney |
| Senior Counsel | U.S. Department of Justice |
| Office of the Chief Counsel | Civil Division |
| for Trade Enforcement and Compliance | Commercial Litigation Branch |
| U.S. Department of Commerce | P.O. Box 480, Ben Franklin Station |
| Washington, D.C. | Washington, D.C. 20044 |
| | Tel: (202) 305-4436 |
| | Fax: (202) 353-0461 |
| | Email: Robert.Kiepura@usdoj.gov |
| November 3, 2021 | *Attorneys for Defendant United States* |

## CERTIFICATE OF COMPLIANCE

    I hereby certify that Defendant's Response to Comments on the Remand Redetermination complies with the word count limitation under the Court's standard chambers procedures, and contains 1,431 words, including text, footnotes, and headings.

/s/ Robert R. Kiepura