UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE CLAIRE R. KELLY

|  |  |
|---|---|
| HUSTEEL CO., LTD., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **and** | ) |
| | ) |
| NEXTEEL CO., LTD. ET AL., | ) |
| | ) |
| *Consolidated Plaintiffs,* | ) Consol. Ct. No.:  19-00112 |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| *Defendant,* | ) |
| | ) |
| **and** | ) |
| | ) |
| MAVERICK TUBE CORPORATION ET AL., | ) |
| | ) |
| *Defendant-Intervenors.* | ) |
| | ) |

## NEXTEEL CO., LTD.'s COMMENTS ON REMAND

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 942-5000
Fax: (202) 942-5999

J. David Park
Henry D. Almond
Daniel R. Wilson
Leslie C. Bailey
Kang Woo Lee

*Counsel to NEXTEEL Co., Ltd.*
*Plaintiff*

Dated:  November 3, 2021

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Dillinger France S.A. v. United States*,
  981 F.3d 1318 (Fed. Cir. 2020) ................................................................................*Passim*

*Husteel Co., Ltd. v. United States*,
  520 F. Supp. 3d 1296 (Ct. Int'l Trade 2021) ...........................................................*Passim*

*Xinjiamei Furniture (Zhangzhou) Co. v. United States*,
  968 F. Supp. 2d 1255, 1259 (2014) .................................................................................. 4

*Nakornthai Strip Mill Public Co. v. United States*,
  32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008) ………………………………4

On behalf of Plaintiff NEXTEEL Co., Ltd. ("NEXTEEL"), we hereby submit these

comments in support of the U.S. Department of Commerce's ("Commerce") Final Results of

Redetermination Pursuant to Court Remand, *Husteel Co., Ltd. v. United States*, Consol. Court

No. 19-00112, Slip Op. 21-70 (CIT June 7, 2021) ("Second Remand Results"), ECF No. 113,

Sept. 2, 2021.

In the Second Remand Results, Commerce fully compiled with the Court's order in

*Husteel Co., Ltd. v. United States*, 520 F. Supp. 3d 1296 (Ct. Int'l Trade 2021) ("*Husteel*").  In

*Husteel*, while the Court sustained Commerce's first remand determination with respect to all

other issues,[1] the Court remanded Commerce's first remand determination on the issue of

NEXTEEL's allocation of costs of production for non-prime line pipe, determining that

Commerce's remand redetermination was unsupported by substantial evidence.  *Husteel*, 520 F.

Supp. 3d at 1306-08.  The Court ordered that Commerce explain how its methodology for

calculating non-prime costs of production (*i.e.*, capping costs of non-prime products at its resale

value and reallocating the difference between the resale value and actual costs of producing non-

prime products to the costs of prime products) accords with the Court of Appeals' recent holding

in *Dillinger France S.A. v. United States*, 981 F.3d 1318 (Fed. Cir. 2020), that Commerce must

use actual costs of production for non-prime products in the calculation of constructed value.

Commerce has done precisely that on second remand.  Commerce noted that, "{f}or

purposes of these final results of redetermination and consistent with the CAFC's decision in

*Dillinger*, we reversed the adjustment made in the *Final Results* and relied on the actual costs of

---

[1] Relevant to NEXTEEL, the Court sustained Commerce's first remand opinion with respect to
Commerce's particular market situation determination and adjustment, calculation of CV profit, and
classification of NEXTEEL's reported losses relating to the suspended production of certain product
lines.  *See Husteel Co., Ltd. v. United States*, 520 F. Supp. 3d at 1313-14.

prime and non-prime products as reported by NEXTEEL." Second Remand Results at 4.

Commerce explained that:

> In *Dillinger*, the CAFC held that Commerce was required to rely on the actual costs of production for non-prime products. In the instant case, NEXTEEL does not separately classify prime and non-prime products, nor does it value these products differently for inventory purposes, but rather assigns them full cost. NEXTEEL's reported costs reflect the actual costs of producing its non-prime products, as required by *Dillinger*. Therefore, for purposes of this redetermination and consistent with the CAFC's decision in *Dillinger*, we have continued to reverse the adjustment made in the *Final Results* and rely on the actual costs of prime and non-prime products as reported by NEXTEEL.

*Id.* at 5. This result accords with the Court's order, precedent, the statute, and the record. It should therefore be sustained.

In their comments in opposition to Commerce's *Second Remand Results*, Defendant-Intervenor suggests that, in revising its analysis in the *Second Remand Results*, Commerce misinterpreted the reasoning set forth in *Dillinger* and unnecessarily removed the adjustment to NEXTEEL's reported costs. *See* Defendant-Intervenors Maverick Tube and IPSCO Tubulars Inc.'s Comments on Commerce's Remand Redetermination, ECF No. 116, Oct. 4, 2021. Defendant-Intervenors argue that Commerce should not "automatically" accept NEXTEEL's (or any other respondent's) cost reporting and that Commerce's initial determination to diverge from NEXTEEL's costs was supported by evidence and consistent with law. *Id.* at 10.

The fundamental problem with this line of reasoning is that it ignores the CAFC's reasoning in *Dillinger*. In particular, in Commerce's initial determination, Commerce disregarded the reported *costs* for non-prime merchandise, which were consistent with NEXTEEL's books and records, and substituted in a sales *price* for the reported costs. However, according to *Dillinger*, such sales value-based methodologies are so inconsistent with the statutory directive to calculate *costs* that those methodologies are unacceptable, *even where* the

sales value-methodology is consistent with a respondent's books and records.  That is, the CAFC's analysis in *Dillinger* went a significant step further than present in the instant case, indicating that where a respondent's books and records used a price-based valuation methodology in place of costs for non-prime products, Commerce was required to diverge from those values and use actual costs instead.  In other words, Commerce was right to revise its calculations in the *Second Remand Results*, consistent with *Dillinger*.

Moreover, Defendant-Intervenors attempt to turn the standard of review upside down.  In their view, the question is whether Commerce's initial determination was supported by substantial evidence and in accordance with law.  However, the relevant question before the Court at this stage is whether Commerce's *Second Remand Results* is supported by substantial record evidence and in accordance with law.  Following remand, the Court is to determine both whether the remand determination complies with the Court's order and whether the conclusions are supported by substantial evidence and in accordance with law.  *Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (2014) ("The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" (quoting *Nakornthai Strip Mill Public Co. v. United States*, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008)).

Here, the Court did not mandate that Commerce reverse its prior determination.  Rather, the Court simply instructed Commerce to provide "further explanation or reconsideration" of its analysis in light of the CAFC's decision in *Dillinger*.  Commerce's analysis is certainly consistent with the Court's order.  Commerce appropriately reconsidered its determination and concluded that, because "NEXTEEL's reported costs reflect the actual costs of producing its non-prime products, as required by *Dillinger*.  Therefore, for purposes of this redetermination and

consistent with the CAFC's decision in *Dillinger*, we have continued to reverse the adjustment

made in the *Final Results* and rely on the actual costs of prime and non-prime products as

reported by NEXTEEL." *Second Remand Results* at 5.

Defendant-Intervenors cite no principle that would justify reinstating Commerce's prior

analysis and treatment of NEXTEEL's costs for non-prime products. Commerce's determination

that NEXTEEL's reported costs for non-prime merchandise were reasonable is supported by

substantial evidence and is in accordance with law. In short, there is no basis to further remand

Commerce's determination.

For the foregoing reasons, Commerce's *Second Remand Results* comply with the Court's

remand order in *Husteel*. Accordingly, NEXTEEL respectfully requests that the Court affirm

Commerce's *Second Remand Results*.

Respectfully submitted,

/s/ J. David Park
J. David Park
Henry D. Almond
Daniel R. Wilson
Leslie C. Bailey
Kang Woo Lee

*Counsel to NEXTEEL Co., Ltd.*

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001
Phone:  (202) 942-5000
Fax:  (202) 942-5999

Dated:  November 3, 2021

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE CLAIRE R. KELLY**

| | |
|---|---|
| HUSTEEL CO., LTD., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **and** | ) |
| | ) |
| NEXTEEL CO., LTD. ET AL., | ) |
| | ) |
| *Consolidated Plaintiffs,* | ) Consol. Ct. No.:  19-00112 |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| *Defendant,* | ) |
| | ) |
| **and** | ) |
| | ) |
| MAVERICK TUBE CORPORATION ET AL., | ) |
| | ) |
| *Defendant-Intervenors.* | ) |

## CERTIFICATE OF COMPLIANCE WITH CHAMBERS PROCEDURE 2(B)(1)

The undersigned hereby certifies that the attached NEXTEEL Co., Ltd.'s Comments on Remand, filed on November 3, 2021 contain 1,048 words, exclusive of the Table of Authorities and counsel's signature block, according to the word count function of the word-processing system used to prepare this memorandum, and therefore complies with the 10,000 word count limitation set forth in the Court's Chambers Procedures.


By:                                    /s/ J. David Park
                                       J. David Park

Date:  November 3, 2021